IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
CHARLOTTE DIVISION
3:05cr379

| | |
|---|---|
| UNITED STATES OF AMERICA )<br>)<br>vs. )<br>)<br>)<br>EDMOND DONTA HOWZE (1) )<br>_____ ) | ORDER |

**THIS MATTER** is before the Court upon motion of the defendant for a reduction of sentence based on retroactive amendments to the United States Sentencing Guidelines relating to crack cocaine offenses (Doc. No. 71).[1] The government has not opposed the motion.

The defendant pled guilty to conspiring to possess with intent to distribute at least 5 kilograms of cocaine (Count One); to possessing a firearm as a convicted felon (Count Two); possessing at least 5 grams of cocaine base with intent to distribute (Count Three); and possessing cocaine with intent to distribute (Count Four) . (Doc. No. 46: Judgment at 1). The resulting offense level of 34 was increased by 2 for possessing a firearm during the drug offense and reduced by 3 for accepting responsibility. (Doc. No. 60: Presentence Report (PSR) at ¶¶ 19, 20, 26). Combined with a criminal history category of III, the resulting advisory guideline range was 168-210 months. (Doc. No. 47: Statement of Reasons (SOR) at 1). The Court sentenced the defendant to 188 months' imprisonment, 12% above the low end of the range, on Counts One, Three, and Four.[2] (Doc. No. 35: Judgment at 2).

---

[1] The defendant filed two pro se motions to reduce his sentence. (Doc. Nos. 70).

[2] The Fourth Circuit affirmed the sentence on appeal. (Doc. No. 62: Opinion).

The defendant moves to reduce his sentence based on retroactive amendments to the guidelines relating to crack cocaine offenses.[3] (Doc. No. 71). As amended, USSG §1B1.10(b)(1) directs courts to determine the guideline range as if the amendments had been in place at the time of sentencing. The amended offense level for the drug quantity at issue is 32. USSG Supp. to Appx. C., Amend. 706 (2007). The addition of 2 levels for offense characteristics and the subtraction of 3 levels for acceptance of responsibility, results in a total offense level of 31. The amended guideline range, given a criminal history category of III is 135-168 months. A sentence of 151 months is 12% above the low end of the amended guideline range.

Consistent with 18 U.S.C. § 3582(c)(2), the Court has considered the factors set forth in 18 U.S.C. § 3553(a), as well as the defendant's post-sentence conduct and the public's safety. Based on these factors, the Court finds that a reduction of the defendant's sentence would accomplish the goals of sentencing.

**IT IS, THEREFORE, ORDERED** that the defendant's motion is **GRANTED** in part and **DENIED** in part and the defendant's sentence on Counts One, Three, and Four is reduced to 151 months' imprisonment on each count to be served concurrently.

**IT IS FURTHER ORDERED** that, that upon release from imprisonment, and absent a residential plan accepted by the U.S. Probation Officer prior to release from incarceration, as a condition of supervised release the defendant shall submit to the local Residential Reentry Center for a period not to exceed 90 days, with work release, at the direction of the U.S. Probation Officer. All other terms and conditions previously imposed remain unchanged.

---

[3] The defendant additionally seeks the benefit of guideline amendments that have not yet taken effect. (Doc. No. 71: Motion at 7). The Court will deny that premature request without prejudice.

The Clerk is directed to certify copies of this Order to the defendant, counsel for the defendant, the Community Defender, the United States Attorney, the United States Marshals Service, and the United States Probation Office.

Signed: October 28, 2011

Robert J. Conrad, Jr.
Chief United States District Judge